[Civ. No. 6774. Second Appellate District, Division One.—September 4, 1931.]

L. C. KENNEDY, Respondent, v. NORVILLE L. DUTTON, Appellant.

W. W. Kaye for Appellant.

F. A. Waters for Respondent.

HOUSER, J.—From the record herein it appears that defendant was a general contractor to whom plaintiff's assignor (as a subcontractor) furnished labor and material on each of several different jobs, amounting in the aggregate to an ascertained balance of $2,320.22; that on each of three of such jobs a certain materialman from whom plaintiff's assignor had purchased paint supplies which had been used on such job, filed his mechanic's lien and thereafter brought an action on such claim of lien against plaintiff's assignor, defendant and the owner of the premises upon which such job was being done—and in which action the materialman duly recovered judgment; that in one of such actions defendant was the owner of the property to and for which such labor and materials were supplied; and as to the judgment recovered therein and a judgment in the second of said actions, which in the aggregate amounted to the sum of $1127.79, defendant herein paid and satisfied the same; but that at the time judgment in the instant action was rendered the judgment rendered in the third of such actions remained unpaid and unsatisfied. However, the last-mentioned judgment ran as against plaintiff's assignor and the owner (not the defendant herein) of the property only. It also appears that for defending each of such actions this defendant paid the sum of $50 as attorney's fees, making a total of $150 paid by defendant herein for such purpose. From a judgment rendered by the trial court in favor of plaintiff for the amount found due, to wit, $2,320.22, less the aggregate sums represented by the said two judgments which were satisfied by defendant, to wit, $1127.79, defendant appeals to this court.

It is urged by appellant that under the provisions of section 1193 of the Code of Civil Procedure the trial court erred in failing to deduct from the total amount owed by him to plaintiff's assignor the attorney's fees paid by defendant in the three aforesaid actions, together with the amount of the judgment rendered in favor of the materialman against plaintiff's assignor and the owner of the property in the third of such actions. However, on reading the statute to which appellant has directed attention, it becomes

plain that it is applicable only in an action brought by a contractor against an owner of property to recover on a lien thereon filed by such contractor. The instant action was brought neither against such an owner of property, nor for the purpose of foreclosing a lien on property; but was for "money due" for labor and materials furnished by plaintiff's assignor to defendant at his instance and request and for which defendant promised to pay an agreed price; besides which, clearly it was the duty of defendant as general contractor to pay and discharge all just lien claims which arose by reason of the contract entered into between defendant and the owner of the property regarding the job in question. In addition thereto, in the instant action, no pleading was presented by defendant regarding either of such items of claimed damages. Aside from the lack of statutory authority therefor, to permit defendant to recover attorney's fees in an action in which it was determined that he was liable in damages would be to financially assist him in taking advantage of his own wrong—which situation cannot be countenanced in a court of justice.

Appellant also complains that in rendering judgment the trial court erred in allowing interest at the rate of eight per cent per annum on the balance found due to plaintiff. In his reply brief respondent concedes the point thus presented by appellant. It appears that the money difference between the interest computed at the lawful rate of seven per cent per annum and that allowed by the trial court is the sum of $25.84.

It is ordered that the judgment be modified by deducting therefrom the sum of $25.84. As thus modified, the judgment is affirmed; each party to the appeal to bear and pay his own costs.

Conrey, P. J., and York, J., concurred.